UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br>HARDIEPLANK FIBER CEMENT<br>SIDING LITIGATION | Case No. 12-md-2359<br>MDL No. 2359<br>ALL CASES |

## STIPULATED PROTECTIVE ORDER

This matter is before the Court on the Stipulated Motion for Protective Order ("Motion") filed by all of the parties to this action. This Motion seeks a protective order to restrict the use of documents or other information that constitutes: trade secrets; customer lists or information; sensitive business or financial information; confidential research, development or commercial information; cost, pricing, sales, or production data; confidential or private personal information; market studies; business plans; or any other information that a party is obligated to preserve as confidential.

Federal Rule of Civil Procedure 26 permits litigants to seek an order to protect relevant and discoverable material. The parties to this action stipulate that these records will only be used for the purpose of this litigation and that this Protective Order will secure protected information from unauthorized disclosure. The Court finds that good cause exists for issuance of an order permitting limited disclosure of such information.

THEREFORE, It is –

ORDERED:  That the Motion is GRANTED.

IT IS FURTHER ORDERED:

1

That pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby orders that the following procedures are to be employed in this action for the protection of the parties against disclosure or any improper use of confidential and proprietary information produced in discovery or filed with this Court.

1. <u>Definition of "Confidential Information"</u>.  "Confidential Information" is defined as follows:  trade secrets; customer lists or information; sensitive business or financial information; confidential research, development or commercial information; cost, pricing, sales, or production data; confidential or private personal information; market information; business plans; or any other information that a party is obligated to preserve as confidential.  Confidential Information does not include information that has been disclosed in the public domain.

2. <u>Application of Protective Order</u>.  This Protective Order governs the handling of all Confidential Information, including documents, testimony, and other information (and including all copies, excerpts, and summaries thereof) produced, given or filed during discovery and other proceedings in this action.  The provisions of this Protective Order shall apply to the parties to this action, and any other persons producing or disclosing Confidential Information in this action who agree or are ordered to be bound by this Protective Order.  The term "person" shall include both the named parties and third parties who have agreed or been ordered to be bound by this Protective Order.

3. <u>Designation of Confidential Information</u>.  Any party or person that produces or gives Confidential Information may designate information as Confidential Information if the attorney for the producing party or person in good faith determines that

the information meets the definition stated in Paragraph 1.  If any designating party believes that a document or information that does not meet the definition stated in Paragraph 1 should nevertheless be considered "Confidential Information," that party may make an application to the Court.  The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to information that is entitled to being treated as confidential under applicable legal principles.

    (a) <u>Designation of Documents</u>.  Documents may be designated as Confidential Information by stamping "Confidential" or "Confidential – Attorneys' Eyes Only" on each page prior to production.  A party that in good faith believes any particular Confidential Information is so sensitive that it should not be disclosed to any individual party, or to a director, officer, or employee of a party, may designate that Confidential Information as "Confidential – Attorneys' Eyes Only."  Information that is designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall be used solely for the purposes set forth in Paragraph 4 below and shall be disclosed to only those persons set forth in Paragraph 5(b) below.

    (b) <u>Designation of Deposition Testimony</u>.  Deposition testimony may be designated, in whole or in part, as Confidential Information by either (i) oral designation on the record during the course of the deposition, or (ii) in writing served upon counsel for all parties by noting the page and line numbers designated within twenty-one (21) days after the designating party receives a copy of the final deposition transcript.  If deposition testimony is designated as Confidential Information, the court reporter shall

separately bind the "Confidential" and "Confidential – Attorneys' Eyes Only" portions of the deposition transcript and shall stamp the words "Confidential" or "Confidential – Attorneys' Eyes Only," as appropriate, on each page.  The cover page of a deposition transcript containing any designated portions shall also indicate that it contains portions of testimony subject to this Protective Order.  During the time period between the deposition testimony and the deadline to designate such testimony as Confidential Information, the deposition testimony in its entirety shall be designated and treated as "Confidential – Attorneys' Eyes Only."

(c) <u>Inadvertent Failure to Designate</u>.  The inadvertent failure to designate qualified information as Confidential Information does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such information.  If material is appropriately designated as Confidential Information after the material was initially produced, the party receiving the information, upon timely written notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Protective Order.  Where a party or third party changes the designation of confidentiality under this Order, that party or third party shall promptly furnish the information re-designated in accordance with this Paragraph 3.

Similarly, an inadvertent disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, or immunity does not, standing alone, waive the privilege or protection over that information.  Federal Rule of Evidence 502 shall govern all limitations on waiver of attorney-client privilege and work product.  The parties shall act

4

in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) should a producing party assert that privileged or otherwise protected information has been inadvertently produced.

   4. <u>Use of Confidential Information</u>.  All Confidential Information that is produced in the course of discovery proceedings shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business or other purpose whatsoever.  Confidential Information shall not be given, shown, or made available or communicated in any way to anyone except those specified below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this Paragraph 4.  The persons to whom Confidential Information is disclosed shall, before such disclosure, agree to be bound by this Protective Order by signing a copy of the Confidentiality Agreement attached as Exhibit A.

   5. <u>Persons to Whom Confidential Information May Be Disclosed</u>.

   (a) <u>"Confidential" Information</u>.  Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to:

    (i) outside counsel of record for the parties in this action, and other clerical, paralegal and other staff employed by such counsel, and any independent experts or independent consultants who are assisting in the prosecution or defense of this action and only for the purposes of this action;

    (ii) in-house counsel for the defendant;

    (iii) the named plaintiff and officers, directors, or employees of the defendant;

    (iv) the Court and court personnel (in the manner provided by Paragraph 7 below);

      (v)    any other person as to whom the producing party agrees in writing;

      (vi)    witnesses at deposition, but only in connection with preparation for and during the course of his or her deposition, or at trial; and

      (vii)    court reporters employed in connection with this action.

(b)    <u>"Confidential – Attorneys' Eyes Only" Information</u>:  Except as otherwise provided by this Protective Order, information designated as "Confidential – Attorneys' Eyes Only" shall be disclosed only to the persons set forth in Paragraph 5(a)(i), (ii), (iv), and (v) above who have agreed or who have been ordered to be bound by this Protective Order.

(c)    <u>Disclosure of Confidential Transcripts to the Deponent</u>.  Deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the Confidentiality Agreement attached as Exhibit A.

(d)    <u>Exceptions</u>.  This Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents or who are shown as having received copies.  In addition, the restrictions on disclosure in this Protective Order shall not apply to the party designating the material as Confidential Information; such party shall have the absolute right to make any disclosures of its own information as it chooses, except that if a party discloses Confidential Information to any non-party or entity not a part of this Protective Order in a manner that is inconsistent with maintaining the confidentiality of the information, then

the disclosing party must re-produce the disclosed documents with the confidentiality designation removed.

6. <u>Disclosure of Confidential Information to Experts or Consultants</u>. Each party represents and warrants that it will confirm before providing any "Confidential" or "Confidential – Attorneys' Eyes Only" information to any expert or consultant that the expert or consultant is independent from and has no conflict of interest with the opposing party. A conflict of interest shall arise if an expert or consultant has ever been engaged by a party as an employee or independent contractor for purposes other than this litigation.

7. <u>Filing of Confidential Information</u>. If a party files a document containing Confidential Information with the Court, it shall do in compliance with the Electronic Case Filing Procedures for the District of Minnesota. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential – Attorneys' Eyes Only", the parties may seek further protections against public disclosure from the Court.

8. <u>Duty of Good Faith</u>. Each party or non-party that designates information or items for protection under this Protective Order must act in good faith to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate designations are prohibited. If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party

or non-party must promptly notify all other parties that it is withdrawing the incorrect designation.

9. <u>Objections to Designation of Confidential Information</u>. Whenever a party objects to the treatment of material as Confidential Information, it shall inform the designating party in writing of the party's objection and the basis for that objection. The parties shall meet and confer in good faith to attempt to resolve the dispute. If the parties are unable to resolve the dispute, the objecting party may apply to the Court by motion for a ruling that the document or transcript shall no longer be treated as "Confidential" or "Confidential – Attorneys' Eyes Only." Upon such an application, the party asserting confidentiality bears the burden to establish the same. Until the Court enters an order, if any, changing the designation of the document or transcript that is to be the subject of the application, the material shall continue to be afforded the "Confidential" or "Confidential – Attorneys' Eyes Only" treatment described in Paragraph 5 herein.

10. <u>Advance Notification of Potential Third Party Disclosures</u>. If any person receiving Confidential Information covered by this Protective Order (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding to which (s)he or it is a party or is otherwise involved, or (c) is served with any other process by one not a party to this litigation, seeking material designated as Confidential Information by another party, the receiving party shall give written notice within three (3) business days of receipt of such subpoena, demand or process to the party that designated the material as Confidential Information. The receiving party shall not produce any of the Confidential Information for a period of at least ten (10) days, or within such lesser time

period as ordered by a court, after providing the required notice to the designating party. If, within that period, the designating party gives notice to the receiving party that the designating party opposes production, the receiving party shall not thereafter produce such Confidential Information except pursuant to a court order requiring compliance with the subpoena, demand, or other process.  The designating party shall be solely responsible for asserting any objection to the requested production.

11.     Unauthorized Disclosure of Confidential Information.  If a party receiving Confidential Information learns that, by inadvertence or otherwise, (s)he or it has disclosed that Confidential Information to any person or in any way not authorized under this Protective Order, that party shall immediately: (a) notify the designating party in writing of the unauthorized disclosure; (b) use their best efforts to retrieve all copies of the disclosed Confidential Information; and (c) inform the person(s) to whom unauthorized disclosure was made of all of the terms of this Protective Order.

12.     Disposition of Confidential Information at Conclusion of Litigation.  At the conclusion of this litigation (*i.e.,* upon its final dismissal), all materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only," and any copies thereof, shall either be destroyed or returned to the party or person furnishing the same.  In addition, all copies of all summaries or other materials containing or disclosing information contained in "Confidential" or "Confidential – Attorneys' Eyes Only" materials shall be either destroyed or returned to the party or person furnishing the same.  However, the attorneys for all of the parties may keep a copy of any transcripts, pleadings, and exhibits and maintain them in confidence.  In the event that material are destroyed, the parties shall

certify in writing to the designating party that destruction has occurred. This Protective Order shall continue to be binding after the conclusion of this litigation, except that, unless otherwise ordered by this Court, there shall be no restriction on documents or transcripts that become a part of the public record without breach of this Protective Order.

      13.    <u>No Application to Evidentiary Issues</u>. This Protective Order does not apply to the offer of or admission into evidence of Confidential Information at trial, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any party at the time of trial.

      14.    <u>Modification of Protective Order</u>. This Protective Order remains subject to modification by the Court for good cause shown.

DATED: September 28, 2012        s/ Michael J. Davis
                                             The Honorable Michael J. Davis
                                             Chief United States District Judge

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br>HARDIEPLANK FIBER CEMENT<br>SIDING LITIGATION | Case No. 12-md-2359<br>MDL No. 2359<br>ALL CASES |

## **CONFIDENTIALITY AGREEMENT**

I am authorized by _____ [party name] to review Confidential Information as that term is used in the Protective Order dated September ____, 2012, and hereby request access to that Confidential Information for use in this litigation.

I have been provided with a copy of the Protective Order dated September ____, 2012 in the above-captioned proceeding.  I have read that Protective Order and hereby agree to be bound by all of the limitations regarding disclosure of Confidential Information contained in that Protective Order.

I understand that failure to comply with the terms of that Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby.

I consent to the United States District Court for the District of Minnesota exercising jurisdiction over me for the purpose of enforcing that Protective Order or for any contempt proceedings against me arising out of my failure to comply with the terms of that Protective Order.

**EXHIBIT A**

11

Dated: _____.

                                                 _____
                                                 Signature of Person Requesting
                                                 Access to Confidential Information


                                                 _____
                                                 Typed Name of Person Requesting
                                                 Access to Confidential Information

DM_US 30462078-2.054178.0012