UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE: HARDIEPLANK FIBER CEMENT  Case No. 12-md-2359
SIDING LITIGATION                MDL No. 2359

THIS DOCUMENT RELATES TO         **ORDER**
ALL ACTIONS

Robert K. Shelquist, Karen Hanson Riebel, and Scott Moriarity, Lockridge Grindal Nauen, PLLP, Plaintiffs' Lead Counsel, and Charles J. LaDuca, Cuneo Gilbert & LaDuca, LLP; Charles E. Schaffer and Brian Fox, Levin, Fishbein, Sedran & Berman; Clayton D. Halunen, Halunen & Associates; Michael A. McShane, Audet & Partners, LLP; Nicholas J. Drakulich, The Drakulich Firm; D. Michael Campbell, Campbell Law; Lawrence Deutsch, Shannon J. Carson, and Robin Switzenbaum, Berger & Montague PC; and Frances Baillon and Shawn J. Wanta, Baillon Thome Jozwiak & Wanta LLP, Plaintiffs' Executive Committee.

Christopher M. Murphy, Steven P. Handler, Aron J. Frakes, and Jeffrey Baltruzak, McDermott Will & Emery LLP, and Heidi A. O. Fisher and David C. Klink, Oppenheimer Wolff & Donnelly LLP, Counsel for Defendant James Hardie Building Products Inc.

## I. INTRODUCTION

This matter is before the Court on Defendant James Hardie Building Products Inc.'s Amended Objection to Special Master Case Management Order No. 3 [Docket No. 96] and Amended Objection to Special Master Case Management Order No. 4 [Docket No. 97]. The Court determines that oral

argument on the objections is not necessary. For the reasons that follow, the Court **AFFIRMS** the Special Master's Orders.

## II. STANDARD OF REVIEW OF SPECIAL MASTER ORDERS

Pursuant to Pretrial Order No. 2, the Court reviews the Special Master's orders, findings, reports, and recommendations under the standards set forth in Federal Rule of Civil Procedure 53(f). [Docket No. 22] Under Rule 53(f)(5), "[u]nless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion." A decision regarding the scope of discovery is a procedural matter, reviewed for abuse of discretion. See, e.g., Kugler v. Dep't of Agric., 397 Fed. App'x 634, 638 (Fed. Cir. 2010); Williams v. City of Dothan, Ala., 745 F.2d 1406, 1415 (11th Cir. 1984); Chevron Corp. v. Donzinger, No. 11 Civ. 0691 LAK, 2013 WL 3270339, at *1-2 (S.D.N.Y. June 27, 2013). The matters currently before the Court are procedural, so the abuse of discretion standard of review applies.

## III. SCOPE OF DISCOVERY

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not

be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

Moreover,

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

>    (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
>    (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>    (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

## IV.  SPECIAL MASTER CASE MANAGEMENT ORDER NO. 3

### A.  Background

Plaintiffs' Request for Production No. 1 provides:

Produce all documents relating to any legal actions against James Hardie regarding James Hardie Siding, including but not limited to

> all filings and pleadings; all trial, motion hearing, or deposition transcripts; and all expert reports.
>
> Request for Production No. 13 provides:
>
> Produce all documents James Hardie has produced in discovery incident to any court case relating to James Hardie Siding, whether or not James Hardie was a party to the case.
>
> Request for Production No. 26 provides:
>
> Produce all publicly disseminated documents relating to the promotion or advertising of James Hardie Siding, including documents disseminated to prospective purchasers of James Hardie Siding and documents disseminated to any entity involved in the sale or distribution of James Hardie Siding.

(Frakes Decl., Ex. C, Defendant's Objections and Responses to Plaintiffs' First Set of Requests for Production.)

Defendant James Hardie Building Products, Inc. ("James Hardie") objected to Request Nos. 1, 13, and 26 as overly broad, unduly burdensome, seeking irrelevant documents, and containing no time limitations. (Id.) On October 22, 2013, Plaintiffs filed a motion to compel Defendant to produce the documents requested in Request Nos. 1, 13, and 26, among others. [Docket No. 67]

On November 20, 2013, in Special Master Case Management Order No. 3, Special Master Jonathan Lebedoff granted in part and denied in part that motion.

[Docket No. 84] As relevant to the current appeal, the Special Master granted Plaintiffs' Motion to Compel on Requests for Production Nos. 1, 13, and 26 for the time period January 1, 2001 to the present, including all fiber-cement exterior siding products made, distributed, or sold by James Hardie for use on any building or structure. The Special Master further ordered that Request Nos. 1 and 13 shall include, but not be limited to, information relating to litigation that involves James Hardie siding. Request No. 26 shall include all publicly disseminated documents relating to the promotion or advertising of James Hardie siding, regardless of whether such information actually was viewed by Plaintiffs.

Defendant has now objected to Special Master Case Management Order No. 3 insofar as it addresses Request Nos. 1, 13, and 26.

### B.     Request Nos. 1 and 13

Request No. 1 asks for "all documents relating to any legal actions against James Hardie regarding James Hardie Siding," and Request No. 13 requests "all documents James Hardie has produced in discovery incident to any court case relating to James Hardie Siding, whether or not James Hardie was a party to the case." Defendant refers to these as "cloned discovery" or "piggyback" requests.

Defendant points out that some courts have denied broad cloned discovery or piggyback requests when the requesting party has not shown that the fact that particular documents were produced in another case is relevant to the subject matter of the current case. See, e.g., Midwest Gas Servs., Inc. v. Indiana Gas Co., No. IP99–0690–C–Y/G, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000); Payne v. Howard, 75 F.R.D. 465, 469 (D.D.C. 1977).

    Although, as written, Requests for Production Nos. 1 and 13 request that Hardie produce all documents from other lawsuits involving James Hardie siding, Plaintiffs assert that they narrowed their request in a letter to Defendant by stating: "To the extent such litigation involves any concerns regarding the quality or durability of James Hardie siding products, this information is plainly relevant and discoverable." ([Docket No. 71-1] Oct. 22, 2013, Shelquist Decl., Ex. 1, July 22, 2013 Letter from Robert Shelquist to Defense Counsel at 3.) As narrowed to lawsuits that involve the quality or durability of James Hardie's siding, these requests for documents are reasonably calculated to lead to the discovery of admissible evidence.

    The Court further determines that the Special Master was within his discretion to determine that the discovery requests were not unduly burdensome

6

or otherwise objectionable. James Hardie has not identified any of the relevant lawsuits, disclosed the number of lawsuits, or estimated the volume of pages at stake. There has been no showing of burdensomeness.

The Special Master weighed the relevancy and burdensomeness of the discovery sought and made a decision within his discretion; that decision will be upheld.

### C.   Request No. 26

In Request No. 26, Plaintiffs request "all publicly disseminated documents relating to the promotion or advertising of James Hardie Siding." Based on the Special Master's Order, this Request is limited to the time period of January 1, 2001 to the present.

Defendant argues that most of the requested advertisements have no relevance to Plaintiffs' case. It argues that, in response to Defendant's interrogatories, none of the Plaintiffs could identify a specific James Hardie promotion or advertisement or could do so with sufficient detail. Defendant concludes that Plaintiffs seek production of advertisements that did not form the basis of the bargain, advertisements that did not contain any representations that Plaintiffs claim were false or misleading, and advertisements that Plaintiffs never

saw or heard. Thus, these arguments could not have been part of the basis of the bargain between the parties necessary to sustain an express warranty claim.

The Court upholds the Special Master's Order. An individual Plaintiff likely would not recall an exact date on which he or she saw a particular advertisement or the particular details of that advertisement from years ago. Allowing Plaintiffs to be refreshed by the advertisements produced in the discovery is reasonable. (See Pls.' Ex. 1, Hearing Tr. 95 ("We've offered to supplement [Plaintiffs'] responses after the plaintiffs had an opportunity to refresh their recollection with respect to marketing materials, for example.").) Additionally, the marketing and advertising documents are relevant not only to warranty claims, but also to consumer protection claims and the questions of commonality and predominance at the class certification stage. Plaintiffs must be allowed to compare advertising directed towards them and towards the proposed class.

The Court further holds that the Special Master was within his discretion to determine that the Request was not unduly burdensome, cumulative, or duplicative. James Hardie estimates that it has created thousands of different advertisements and marketing materials since 2001, including promotional

materials that are tailored for use in hundreds of different markets in the United States and often differ, for example, only in the names of the local installers. If, in fact, there are a limited number of templates with many permutations differing only with the names of local installers, the Court is confident that the parties can agree upon a format for James Hardie to produce those templates along with the relevant information regarding the different permutations used in a particular region during a particular time period. The Special Master was within his discretion to conclude that the discovery was relevant and that the relevancy outweighed the claimed burdens of production.

## V.   SPECIAL MASTER CASE MANAGEMENT ORDER NO. 4

### A.   Background

In their complaint, Plaintiffs allege, among other things: "The Siding is defectively designed and manufactured such that it prematurely fails. This allows water and moisture to penetrate into the structure, thereby causing damage to the underlying structure and other adjoining property." (First Am. Consol. Compl. ¶ 34.) They assert: "Defendant failed to use appropriate primer for the Siding at the time of manufacture, accelerating cracking, flaking, delamination, and discoloration of the Siding." (Id. ¶ 35.) Also: "Defendant

misrepresented that its Siding met building standards;" and Defendant's siding was "not in compliance with common building standards."  (Id. ¶¶ 224, 229.)

Hardie served interrogatories on each Plaintiff:

INTERROGATORY NO. 12: With respect to the allegation in Paragraph 34 of the MDL Complaint that Hardie-brand fiber cement siding is defectively designed, state in detail the basis for your allegations, describe in detail each alleged design defect, identify all persons with knowledge of the alleged defect and identify all documents relating to the alleged defect.

INTERROGATORY NO. 13: With respect to the allegations in Paragraph 34 of the MDL Complaint that Hardie-brand fiber cement siding is defectively manufactured, state in detail the basis for your allegations, describe in detail each alleged manufacturing defect (including, but not limited to, the time period when it occurred and the manufacturing plant(s) where it occurred), identify all persons with knowledge of the alleged defect and identify all documents relating to the alleged defect.

INTERROGATORY NO. 14: With respect to the allegation in Paragraph 35 of the MDL Complaint that "Defendant failed to use an appropriate primer for the Siding at the time of manufacture," state in detail the basis for the allegation, identify all documents which support the allegation and identify all persons with knowledge of the facts supporting this allegation.

* * *

INTERROGATORY NO. 18: Identify any industry standards or specifications that you contend the Hardie-brand fiber cement siding, or any primer, paint, stain or coating that was applied to the siding, does not meet.

(Frakes Decl., Ex. E-1, Plaintiff Brian Bethel's Objections and Responses to Defendant James Hardie Building Products, Inc.'s First Set of Interrogatories.)

Plaintiffs provided general answers to Interrogatory Nos. 12, 13, and 14, but objected that these were improper contention interrogatories and that the information sought was protected by attorney-client privilege or the work product doctrine. (Id.) Plaintiffs similarly objected to Interrogatory No. 18 and also stated:

> that because of the deterioration of the Siding after its installation on his home, there is reason to believe that James Hardie fiber cement Siding fails to meet the industry standards stated on its product packaging, its specification sheets, and installation guide. Plaintiff further incorporates by reference his answer to Interrogatory No. 5. Discovery and investigation of the matters sought through Interrogatory No. 18 is continuing and subject to expert testimony, the substance of which will be produced in accordance with Fed. R. Civ. P. 26 and the Court's scheduling orders.

(Id.)

Defendant brought a motion to compel answers to certain Interrogatories. [Docket No. 73] On November 20, 2013, in Special Master Case Management Order No. 4, the Special Master granted in part and denied in part that motion.

[Docket No. 85] As relevant to the current appeal, the Special Master held that "Plaintiffs need not further answer Interrogatories 12, 13, 14, and 18 at this time."

### B.  Discussion

Federal Rule of Civil Procedure 33(a)(2) addresses contention interrogatories:

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Here, the Special Master's Order does not foreclose requiring Plaintiffs to provide more technical and comprehensive responses to these contention interrogatories after more discovery has been completed. The Order merely provides that Plaintiffs "need not further answer Interrogatories 12, 13, 14 and 18 **at this time**." (emphasis added). Courts often delay the answers to contention interrogatories until the parties have had a fair opportunity to review the evidence. See, e.g., Bituminous Cas. Corp. v. Scottsdale Ins. Co., No. 1:12–CV–84–SNLJ, 2013 WL 1411544, at *1 (E.D. Mo. Apr. 8, 2013); Scheffler v. Molin, Civ. No. 11–3279 (JNE/JJK), 2012 WL 3292894, at *6 (D. Minn. Aug. 10, 2012). The Special Master had discretion to conclude that the parties would benefit from

further fact discovery and that it would be unproductive to compel further disclosure of technical theories at this time.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant James Hardie Building Products Inc.'s Amended Objection to Special Master Case Management Order No. 3 [Docket No. 96] is **OVERRULED** and Special Master Case Management Order No. 3 [Docket No. 84] is **AFFIRMED**.

2. Defendant James Hardie Building Products Inc.'s Amended Objection to Special Master Case Management Order No. 4 [Docket No. 97] is **OVERRULED** and Special Master Case Management Order No. 4 [Docket No. 85] is **AFFIRMED**.

Dated:   January 28, 2014         s/ Michael J. Davis
                                  Michael J. Davis
                                  Chief Judge
                                  United States District Court